United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-40627
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ENRIQUE BARRAGAN-CASTRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-1074
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Enrique Barragan-Castro (Barragan) appeals his
conviction and sentence for illegal reentry after having been
deported following a conviction for aggravated felony in
violation of 8 U.S.C. § 1326(a) and (b).  Barragan contends that
the district court erred by applying an eight-level increase to
his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because
the conviction that resulted in his deportation, misdemeanor
assault in violation of Texas Penal Code Ann. 22.01(a)(1), is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a crime of violence under 18 U.S.C. § 16, and does not constitute an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).  In United States v. Villegas-Hernandez, 468 F.3d 874, 878-84 (5th Cir. 2006), we considered the same Texas statute and held that it does not meet either definition of a crime of violence under § 16 and, thus, is not an "aggravated felony" under § 2L1.2(b)(1)(C).  Accordingly, the district court erred in enhancing Barragan's sentence pursuant to § 2L1.2(b)(1)(C).  Because we cannot conclude, based on the record as a whole, that the error did not affect the district court's selection of the sentence imposed, that is, the error was harmless, a remand is appropriate.  See Williams v. United States, 503 U.S. 193, 203 (1992).  Barragan's sentence is vacated and this matter remanded for resentencing in accordance with this opinion.

Barragan also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather elements of the offense that must be found by a jury.  This challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Barragan suggests that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), this court has repeatedly rejected such arguments and found that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Barragan concedes his argument is foreclosed, but raises it preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.